**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

**ENKHBAYAR CHOIMBOL**, *et al*,

      **Plaintiff,**

      v.                                                   **CIVIL ACTION NO. 2:05cv463**

**FAIRFIELD RESORTS, INC.**, *et al.*,

      **Defendants.**

*MEMORANDUM OPINION & ORDER*

Before the Court is Third Party Defendants Proline Management Corporation ("Proline"), Genesis Management Services Corp. ("Genesis Management"), and Genesis Janitorial Services, Inc., f/k/a Genesis Floor Care Systems, Inc. ("Genesis Janitorial") (collectively, "Third Party Defendants") Motions to Dismiss the Third Party Complaints filed by Fairfield Resorts, Inc. ("Fairfield"), and Petra Chemical & Consulting, Inc. ("PC&C") (collectively, "Third Party Plaintiffs").[1] Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Third Party Defendants move for dismissal of both complaints. For the reasons stated below, Third Party Defendants Proline, Genesis Management, and Genesis Janitorial's Motion to Dismiss the Third Party Complaint filed by Fairfield is **GRANTED,** and Third Party Defendants Proline and Genesis Management's Motion to Dismiss the Third Party Complaint filed by PC&C is **GRANTED**.

---

    [1] For simplicity sake the Court refers to the Third Party Defendants collectively, but it should be noted that PC&C only filed its Third Party Complaint against Proline and Genesis Management, and Fairfield filed its Third Party against Proline, Genesis Management, and Genesis Janitorial.

1

## I.  FACTS AND PROCEDURAL HISTORY

For the purposes of the motions, the Court assumes the following facts are true.  The Original Plaintiffs are individual immigrant workers who allege to be current or former employees of Fairfield, Robert W. "Bob" Nunnery ("Nunnery"), PC&C, HK Services Inc. ("HK Services"), and Mykhaylo "Mike" Sandulyak ("Sandulyak") ("collectively Defendants").  The Original Plaintiffs allege that they did not receive proper overtime and minimum hourly compensation to which they were entitled under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq*.

Fairfield is a Florida corporation engaged in the timeshare business with its headquarters and principal place of business in Orlando, Florida.  Fairfield does substantial business in the Eastern District of Virginia.  PC&C is a North Carolina Corporation, currently headquartered and operating in Williamsburg, Virginia with Nunnery as its sole shareholder.  Ambassador Hospitality Solutions, Inc. ("Ambassador") and Proline are both Missouri corporations with their headquarters and principal place of business in Charles, St. Missouri.  Ambassador and Proline are commonly owned and held.  Genesis Management and Genesis Janitorial are Missouri parent and/or sister companies of Ambassador and Proline with their headquarters and principal place of business in St. Charles, Missouri.

On March 6, 2002, Fairfield entered into a contract with Ambassador.  The terms of the agreement required Ambassador to recruit and hire individuals to perform laundry, housekeeping, and other maintenance services at Fairfield's properties.  Further, the contract provided that for the services Fairfield would pay Ambassador in the amount of $9.50 per hour per worker. Under the contract, Ambassador was required to submit invoices of the labors' work.

On April 21, 2003, PC&C entered into a similar contract with Ambassador for the same services referenced above.

Although Proline, Genesis Janitorial, and Genesis Management did not enter into an express contract with Fairfield or PC&C, it is alleged that because Proline and Ambassador are commonly owned, and because Genesis Management and Genesis Janitorial are parent and/or sister companies of Ambassador, they too conducted substantial business through the two contracts. Additionally, these parties were originally listed as Defendants in this action, only to be later removed.

On November 23, 2005, PC&C filed a Third Party Complaint against Proline, Ambassador and Genesis Management. On November 29, 2005, Fairfield filed a Third Party Complaint against Proline, Ambassador, Genesis Management and Genesis Janitorial. On January 13, 2006, Proline and Genesis Management filed a Motion to Dismiss the Third Party Complaints of PC&C. On the same date, Proline, Genesis Janitorial and Genesis Management filed a Motion to Dismiss the Third Party Complaint of Fairfield. On January 27, 2006, Fairfield filed its opposition to the motion to dismiss. On February 1, 2006, Proline, Genesis Janitorial and Genesis Management filed a reply. On April 14, 2006 PC&C filed its opposition to the motion to dismiss. On April 19, 2006, Proline and Genesis Management filed its reply. This matter is now ripe for adjudication.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court will grant a motion to dismiss if "it appears to a certainty that the plaintiff would be entitled to no relief under

any state of facts which could be proved in support of his claim." *Adams v. Bain*, 697 F.2d 1213, 1216 (4th Cir. 1982) (quoting *Johnson v. Mueller*, 415 F.2d 354, 355 (4th Cir. 1969)). A court reviewing a motion to dismiss relies solely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference. *Simons v. Montgomery County Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). In a motion to dismiss, the court considers the facts in the light most favorable to the plaintiff, and assumes that the facts alleged in the plaintiff's complaint are true. *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 229 (4th Cir. 2004) (citing *Mylan Lab., Inc. v. Matkari*, 7 F.3d 1130, 1134 n.4 (4th Cir. 1993)).

### III.  DISCUSSION

Upon review of the complaints Third Party Plaintiffs filed, both parties acknowledge that a contract existed only between each of them and Ambassador. (Fairfield Third Party Compl. Ex. A, PC&C Third Party Compl. Ex. A). Based on the contracts, Third Party Plaintiffs allege that Third Party Defendants are liable because of their relationship with Ambassador, namely that Third Party Defendants are commonly owned, and/or parent and/or sister companies of Ambassador. Specifically, Third Party Plaintiffs assert that Ambassador's failure to meet its obligation under its contracts with them, should impose a liability on Third Party Defendants because of the relationship. In essence, Third Party Plaintiffs are arguing under an alter ego theory in an attempt to pierce Ambassador's corporate veil. The Court finds this argument unpersuasive based on the allegations as pled in the complaints.

A corporation is a separate and distinct legal entity. *See Cheatle v. Rudd's Swimming Pool Supply Co.*, 360 S.E.2d 828, 831 (1987). Accordingly, a court's decision to pierce the corporate veil, is an extraordinary exception that should only be permitted when necessary to

promote justice. *See Beale v. Kappa Alpha Order and Kappa Alpha Alumni Foundation*, 64 S.E.2d 789, 797 (1951). It is not enough to allege that Third Party Defendants are commonly owned or have a parent/sister relationship. *Id*. In *Beale,* the Virginia Supreme Court held that,

> before the corporate entity may be properly disregarded and the parent corporation held liable for acts of its subsidiary . . . it must be shown not only that undue domination and control was exercised by the parent corporation over the subsidiary, but also that this control was exercised in such a manner as to defraud and wrong the complainant, and that unjust loss or injury will be suffered by the complainant

*Id*. In this case, Third Party Plaintiffs argue that the contracts between themselves and Ambassador form the basis for bringing claims of contribution, indemnification, derivative liability, and breach of contract against Third Party Defendants. However, as Third Party Plaintiffs admit, there is no contract between themselves and Third Party Defendants. Thus, Third Party Plaintiffs appear to be bringing their claims under an alter ego theory by attempting to hold Third Party Defendants liable based only on their relationship or connection with Ambassador. In fact, Fairfield asserts in its opposition to the motion that "the primary basis for Proline and Genesis' inclusion in the Third Party Complaint as Third Party Defendants is the alleged lack of separation or alter ego status which exists with co-Third Party Defendant [Ambassador] based on common links, actors, ownership, relationships, and/or management shared." (Fairfield Opp'n to Mot. to Dismiss 2-3). PC&C adopts Fairfield's arguments on this ground, contending that Proline, Genesis Janitorial, Genesis Management, and Ambassador are essentially the same entity.

Although Third Party Plaintiffs request the Court to consider their complaints as an attempt to pierce Ambassador's corporate veil, their complaints are devoid of any allegations that

support piercing Ambassador's corporate veil on an alter ego theory. Third Party Plaintiffs' fail to allege that Third Party Defendants exercised any undue control or domination over Ambassador. Further, there are no allegations in either complaint that Third Party Defendants engaged in any fraudulent acts. Without these types of allegations, the Court can not disregard the fact that Third Party Defendants are separate entities that were not parties to the contracts between Third Party Plaintiffs and Ambassador. Accordingly, any claims for breach of contract, contribution, indemnification, or derivative liability have not been properly asserted against Third Party Defendants Proline, Genesis Management, or Genesis Janitorial.

## IV. CONCLUSION

For the foregoing reasons, Third Party Defendants Proline, Genesis Janitorial and Genesis Management's Motion to Dismiss Fairfield's Third Party Complaint is **GRANTED** and Third Party Defendants Proline and Genesis Management's Motion to Dismiss PC&C's Third Party Complaint is **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED.**

_____
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 16 ,2006